# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC POIROUX | CIVIL ACTION |
| VERSUS | NO. 17-2175 |
| R.S. 14:134 AND R.S. 14:103 STATE OF LOUISIANA | SECTION: "N"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Eric Poiroux, a state inmate, filed this federal civil action pursuant to 28 U.S.C. § 1983. When he filed the complaint, he neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*. The Clerk of Court therefore issued a "Notice of Deficient Filing" advising plaintiff that he must either pay the required filing fee or submit a pauper application.[1] Plaintiff failed to respond to that notice.

On April 18, 2017, the undersigned United States Magistrate Judge issued an order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before May 9, 2017. Plaintiff was warned that if he failed to comply with that order, the undersigned would recommend that this action be dismissed.[2] Plaintiff failed to comply with that order.

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 6. Out of an abundance of caution, however, the undersigned notes that, due to plaintiff's history of frivolous litigation, 28 U.S.C. § 1915(g) would bar him from being granted pauper status in this civil action. See, e.g., Poiroux v. Doe, Civ. Action No. 17-2064 (E.D. La. April 18, 2017) (Order detailing plaintiff's history of frivolous litigation and denying him leave to proceed as a pauper pursuant to § 1915(g)).

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff was twice notified by the Court that he must pay the required filing fee or submit a completed pauper application. He has refused to comply, and, therefore, his complaint should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this tenth day of May, 2017.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.